IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SILICON LABORATORIES INC. | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. 1:12-cv-00692-SS |
| v. | § | |
| | § | |
| | § | JURY TRIAL DEMANDED |
| MAXLINEAR, INC. | § | |
| | § | |
| *Defendant.* | § | |
| | § | |


**SILICON LABORATORIES INC.'S REPLY IN SUPPORT OF ITS
<u>OPPOSED MOTION FOR JURISDICTIONAL DISCOVERY</u>**

## I.     INTRODUCTION

MaxLinear concedes that "[i]f a plaintiff presents factual allegations that suggest with reasonable particularity the *possible* existence of the requisite contacts . . . the plaintiff's right to conduct jurisdictional discovery should be sustained." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir.2003)) (emphasis added). As explained in Silicon Labs' opposition to MaxLinear's motion to dismiss (dkt. no. 12), the evidence of record shows sufficient contacts to subject MaxLinear to jurisdiction in this forum in this case. At the very least, Silicon Labs' factual allegations "suggest with reasonable particularity the possible existence of the requisite contacts." *Id.*

## II.     DISCOVERY REGARDING SPECIFIC JURISDICTION IS WARRANTED

Specific jurisdiction over MaxLinear is warranted here for the same reasons the Federal Circuit found it to be warranted in *Electronics for Imaging*: the defendant made enforcement threats, hired counsel within the forum, and visited the plaintiff in the forum in furtherance of its enforcement activities. *See Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1351 (Fed. Cir. 2003). MaxLinear does not dispute that these activities occurred. Rather, MaxLinear attempts to characterize these enforcement activities in Texas as somehow part of an ongoing lawsuit in California that involves unrelated patents.

At the same time, MaxLinear seeks to block discovery that provides context for the enforcement threats that gave rise to this litigation and tests the veracity of MaxLinear's characterizations of the facts. For example, MaxLinear opposes discovery related to the circumstances surrounding its June 20 visit to Austin, where it is undisputed that MaxLinear

1

stated its intention to sue Silicon Labs.[1] *See* Silicon Labs Opposed Motion for Jurisdictional Discovery (dkt. no. 14) ("Motion"), Ex. A at Requests 6, 7, and 13; Ex. B at ROG 3; Ex. C at Topic 1 (c).

MaxLinear also seeks to block additional discovery that is relevant to the question of specific personal jurisdiction. For example, despite the Federal Circuit's finding that the hiring of counsel within the forum is relevant to the jurisdictional inquiry (*Elecs. for Imaging*, 340 F.3d at 1351), MaxLinear opposes discovery related to the hiring of counsel within this forum to, at least in part, pursue its infringement claims against MaxLinear. *See* Motion, Ex. A at Request 1; Ex. B at ROG 1.

Further, MaxLinear seeks to block discovery regarding its enforcement and licensing activities within this forum. *See* Motion, Ex. A at Requests 4, 5, 8, 9; Ex. B at ROG 1; Ex. C at Topic 1(a)–(d). A patentee's licensing activities within a forum or with entities that do business within a forum are relevant to the personal jurisdiction inquiry. *See Breckenridge Pharmaceutical v. Metabolite*, 444 F.3d 1356, 1366 (Fed. Cir. 2006). Because the terms of license agreements are typically kept confidential, this information is likely to be solely within the possession of MaxLinear. Absent discovery, relevant information may never be brought to bear on the personal jurisdiction inquiry.

Finally, MaxLinear seeks to block discovery into communications it has made to third parties regarding its allegations of infringement against Silicon Labs. *See* Motion, Ex. A at Request 12; Ex. B at ROG 2; Ex. C at Topic 1(g), (i). MaxLinear argues that these communications are not relevant to the personal jurisdiction inquiry; however, MaxLinear took

---

[1] Although MaxLinear states that this conference was governed by Fed. R. Evid. 408 (MaxLinear's Reply in Support of its Motion to Dismiss (dkt. no. 18) at p. 8), that is irrelevant. There is no argument that Rule 408 prohibits the use of evidence from this meeting for the purposes of establishing personal jurisdiction within this forum.

the opposite position in its own pleadings where it alleged that personal jurisdiction over Silicon Labs in California was warranted, at least in part, because of Silicon Labs alleged communications with foreign customers. Ex.1 to the Declaration of James Yoon (dkt. no. 9-3) at ¶ 11. MaxLinear should not be allowed to have it both ways. Although these communications are insufficient to support personal jurisdiction on their own, they underscore the legitimacy of the threats that were made in this forum and thus support personal jurisdiction over MaxLinear in this forum.

The limited communications that have been identified enforce the legitimacy and specificity of the enforcement threats that have been made, in particular those made in person in Austin. In response, MaxLinear argues that Silicon Labs does not have evidence that a particular communication was made prior to the filing of the complaint in this action. Opp. (dkt. no. 21) at p. 5. As an initial matter, the communication at issue is dated July 2012. Given that the complaint in this action was filed July 30, it is quite likely that the communication predated the filing of this action. More fundamentally, MaxLinear is certainly aware of when it made this presentation. But rather than provide the date of its presentation, MaxLinear instead seeks both to withhold it by opposing discovery and at the same time argue that the lack of information supports its own position. MaxLinear's obstinance in attempting to use its opposition to discovery as both a sword and a shield underscores the need for jurisdictional discovery in this case.

III.     **DISCOVERY REGARDING GENERAL JURISDICTION IS WARRANTED**

Discovery is warranted with regard to general personal jurisdiction. MaxLinear does not dispute that it has engaged in long term contractual relations with at least one Texas entity. Declaration of Kishore Seendripu, Sept. 28, 2012 (dkt. no. 21-1) at ¶¶ 9–17. The fact that

3

MaxLinear dealt primarily with employees in Israel does not diminish the relevance of this relationship with a Texas entity to the jurisdictional inquiry.

MaxLinear seeks to block discovery into additional contacts with this forum. *See* Motion, Ex. A at Requests 1–5, 8–11; 14–20; Ex. B at ROG 1; Ex. C at Topic 1(a), (b), (d)–(i). Silicon Labs has been diligent in seeking publicly available information. Much of the relevant information that remains to be uncovered is within MaxLinear's sole control. Without discovery, this relevant information won't be weighed in the jurisdictional analysis.

## IV.   DISCOVERY SHOULD NOT BE LIMITED TO THE TESTIMONY IN MAXLINEAR'S DECLARATIONS

MaxLinear argues that the information Silicon Labs seeks is duplicative or irrelevant given the conclusory denials made by its declarants Adam Spice and Kishore Seendripu. Opp. at pp. 7–9. MaxLinear further asks the Court to dismiss Silicon Labs' complaint based solely upon their statements. *Id*. at 8 ("The declarations and exhibits already part of the record provide this Court ample evidence on which to make a ruling for the underlying motion to dismiss for lack of personal jurisdiction.").

The relevant facts that Silicon Labs has identified show the prejudice that can result from simply relying on MaxLinear's vague denials. For example, neither Mr. Spice nor Dr. Seendripu testified as to the statements they made regarding their intent to enforce patents against Silicon Labs. Nor did either declarant make any statement regarding the communication to customers of MaxLinear's intent to sue Silicon Labs.

In addition, MaxLinear made no mention of its contractual relationship with Texas Instruments until it was raised by Silicon Labs. Indeed, MaxLinear's declarant appears to have limited his testimony to the otherwise arbitrary last two years to specifically avoid mentioning the Texas Instruments relationship.

Silicon Labs should be granted the opportunity to discover what other relevant facts lay behind the carefully qualified statements of its declarants.

**V.      CONCLUSION**

In its opposition to MaxLinear's motion to dismiss (dkt. no. 12), Silicon Labs has shown that MaxLinear is subject to specific personal jurisdiction in this forum. At the very least, Silicon Labs has satisfied the low threshold for jurisdictional discovery—the motion to dismiss raised issues of fact and Silicon Labs has shown that discovery is likely to reveal jurisdictionally relevant facts. For the foregoing reasons, the Court should allow Silicon Labs to serve the targeted jurisdictional discovery requests set forth in the Exhibits A, B, and C to Silicon Labs' motion for jurisdictional discovery (dkt. no. 14) in order to fully develop the record before the Court rules upon MaxLinear's motion to dismiss.

Dated: October 5, 2012                   Respectfully submitted,

                                         VINSON & ELKINS LLP

                                         */s/ David B. Weaver*
                                         David B. Weaver, Texas Bar No. 00798576
                                         dweaver@velaw.com
                                         Christopher V. Ryan, Texas Bar No. 24037412
                                         cryan@velaw.com
                                         Jennifer Librach Nall, Texas Bar No. 24061613
                                         jnall@velaw.com
                                         Ajeet P. Pai, Texas Bar No. 24060376
                                         apai@velaw.com
                                         VINSON & ELKINS LLP
                                         2801 Via Fortuna, Suite 100
                                         Austin, TX 78746-7568
                                         Tel: 512-542-8400
                                         Fax: 512-542-8612

                                         **ATTORNEYS FOR PLAINTIFF SILICON LABORATORIES INC.**

5

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on the 5th day of October, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

*Counsel for Defendant MAXLINEAR, INC.*

James C. Yoon, *pro hac vice*
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94301
Email: jyoon@wsgr.com

Jose C. Villarreal
Wilson Sonsini Goodrich & Rosati
900 South Capital of Texas Highway
Las Cimas IV, Fifth Floor
Austin, Texas 78746
jvillarreal@wsgr.com

*/s/ David B. Weaver*
David B. Weaver

6